## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **United States of America** | * | |
| | * | |
| **v.** | * | **Case No. 21-cr-0631-2 (TJK)** |
| | * | |
| **Therese Borgerding** | * | |
| | * | |

### THERESE BORGERDING'S MOTION TO PRECLUDE THE GOVERNMENT FROM MAKING CLOSING ARGUMENTS THAT INFLAME THE JUROR'S PASSIONS

Ms. Borgerding, by her undersigned counsel, hereby respectfully requests that the Court preclude the government from making arguments that inflame the passions. As well, Ms. Borgerding requests that the Court preclude the government from asking the jury to draw inferences that the Court precluded Ms. Borgerding from making when it prohibited her from introducing evidence of Officer Warner's statements to the demonstrators.

### A.       Arguments That Inflame the Jury's Passions Are Not Proper

During the trial, over objection, the Court allowed the government to elicit from the law enforcements officers how they felt about events at the Capitol on January 6. How an officer "feels" about events is not relevant to any of the civil disorder charge or any of the other charges. Also over objection, the Court allowed the government to elicit testimony from the officers and from the Secret Service Inspector that January 6 was the worst disturbance that the witnesses had ever experienced. Significantly, the questions were not even limited to the effect of Ms. Borgerding's conduct but encompassed the conduct of the worst actors on January 6.

Such evidence is not relevant to any element of any of the charged offenses. It serves simply to inflame the passions of the jury in a case where the overwhelming publicity surrounding January

1

6 and the events of that day has already affected the impartiality of a number of jurors, as expressed during jury selections.  Were the government to be allowed to rely on those statements during closing arguments, Ms.  Borgerding will suffer significant prejudice.  Such arguments hinder Ms. Borgerding's ability to have the jury determine the case dispassionately based on the facts.

> It is settled law that "a prosecutor may not use the bully-pulpit of a closing argument to inflame the passions or prejudices of the jury or to argue facts not in evidence." So during closing arguments, prosecutors may not sensationalize the facts or seek to turn jurors' perceived prejudices or favoritism against a defendant. Nor may the government weaponize a jury's allegiance to their Nation or incite jurors to protect their community or act as its conscience. The law also "universally condemn[s]" arguments that ask jurors to identify themselves with victims "because [they] encourage[ ] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on evidence." Caudle v. District of Columbia, 707 F.3d 354, 359 (D.C. Cir. 2013) (internal quotation marks and citation omitted); see also United States v. Hall, 979 F.3d 1107, 1119 (6th Cir. 2020); Arrieta-Agressot v. United States, 3 F.3d 525, 527 (1st Cir. 1993) (reversing drug-distribution convictions because of prosecutor's closing arguments, in which he told the jury that "[n]obody has the right to ... poison our children[,]" and applauded the Coast Guard for "protecting us" from "the evil of drugs"). When a prosecutor presses such an us-versus-them narrative in closing remarks to the jury, she walks a perilous legal line. See Viereck v. United States, 318 U.S. 236, 247–48 & n.3, 63 S.Ct. 561, 87 L.Ed. 734 (1943); United States v. DeLoach, 504 F.2d 185, 193 (D.C. Cir. 1974); United States v. Moore, 375 F.3d 259, 260 (3d Cir. 2004) (reversing conviction because, among other things, the prosecutor in closing statements delivered on September 10, 2002, repeatedly referred to a defendant on trial for arson and unlawful gun possession as a "terrorist").
>
> . . .
>
> We expect better from an attorney representing the United States. See Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) (although a prosecutor "may strike hard blows, [she] is not at liberty to strike foul ones"); United States v. McGill, 815 F.3d 846, 920 (D.C. Cir. 2016) (per curiam) ("A just outcome obtained

through a fair, evenhanded, and reliable process should be the government's goal; it is not to win at any cost.") (emphasis in original).

The "sole purpose of closing argument is to assist the jury in analyzing the evidence[.]" Moore, 651 F.3d at 52 (internal quotation marks and citation omitted). Yet here, the prosecutor repeatedly encouraged the jury to "substitute emotion for evidence[,]" and she made an appeal to nationalism that was "wholly irrelevant to any facts or issues in the case, the purpose and effect of which [was] only ... to arouse passion and prejudice."

*United States v. Khatallah*, 41 F.4th 608, 636-37 (D.C. Cir. 2022), *cert. denied*, 143 S. Ct. 2667 (2023).

**B.**     In prohibiting Ms. Borgerding from using during examination a video that depicted USCP Officer Warner telling a demonstrator that he would seek permission from his supervisors to allow the demonstrators up to the steps of the Capitol, the Court rejected her argument that she should be able to ask the jurors to draw an inference from the evidence contained in the video. Namely, Ms. Borgerding argued that because the demonstrator used a megaphone to repeat Officer Warner's statement to him and the message was spread through others in the crowd, a fair inference could be drawn that she had heard the message and that the information played a part in her state of mind when she ran toward the steps of the Capitol. Ms. Borgerding explained to the Court that the government was going to ask the jury to draw an inference that Ms. Borgerding had observed the confrontation between the demonstrators and Capitol Police Officers at the same spot that Officer Warner had made his comments to the demonstrator. And, that therefore if she could not present evidence that would support a logical inference that Officer Warner's comments as repeated through a megaphone impacted her state of mind, the government should also be precluded from making a similar argument. The Court indicated that it would monitor the government's argument on that

point.    Accordingly, Ms. Borgerding requests that the government not be allowed to make an

argument to the jury that has been foreclosed to her.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D.  Hernandez**
Bar No.  MD03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was emailed this 26th day of April, 2024 to all counsel of record via ECF.

/s/ *Carmen D. Hernandez*

**Carmen D.  Hernandez**